JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>CYMA ORCHIDS, CORP. d/b/a TAEAN ORCHIDS; TAEAN ORCHIDS USA, INC.; and Does 1 – 10 Inclusive,<br>Defendants. | Case No.: 2:10-cv-07122-DMG-RZ<br><br>**Consent Decree and Order** |

## I.   INTRODUCTION

Plaintiff the U.S. Equal Employment Opportunity Commission and Defendants Cyma Orchids, Inc. ("Cyma") and Taean Orchids, and its owners Sang K. Lee and Sang N. Lee, hereby stipulate and agree to entry of this consent decree and order ("Decree") to resolve the EEOC's complaint in U.S. Equal Employment Opportunity Commission v. Cyma Orchids, Corp., et al., 2:10-cv-07122-DMG-RZ (the "Action").

The EEOC brought this Action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). In this Action, the EEOC alleged that Defendants discriminated against Charging Party Francisca Alvarado Garcia and a class of employees by subjecting them to sexual harassment, disparate treatment, or retaliation, and/or by subjecting them to harassment based on the hybrid basis of sex (female) and national origin (Mexican). Defendants denied those allegations.

-1-

-1-

## II. PURPOSES AND SCOPE

A. This Decree is entered into by the EEOC, Cyma Orchids, and Taean Orchids and its owners Sang K. Lee and Sang N. Lee (collectively, the "Parties").

B. This Decree is binding against Taean, Sang K. Lee, and Sang N. Lee only with respect to the specific monetary relief identified in section VIII below.

C. The EEOC and Cyma have entered into this Decree in order to:
1. provide appropriate monetary and injunctive relief;
2. ensure Cyma's employment practices comply with Title VII;
3. ensure that Cyma's managers, supervisors, and employees receive training on their obligations under Title VII;
4. ensure a work environment free from hostility and retaliation;
5. provide an appropriate and effective mechanism for handling discrimination complaints in the workplace; and
6. avoid the time, expense, and uncertainty of further litigation.

D. Any provision intended to bind Defendants also binds Defendants' officers, directors, successors, and assigns.

E. The injunctive relief in this Decree will be implemented by Cyma company-wide.

## III. RELEASE OF CLAIMS

A. This Decree fully and completely resolves, and the EEOC hereby releases Cyma from, all issues, claims, and allegations raised in the complaint filed by the EEOC in this Action.

B. Nothing in this Decree precludes the EEOC from moving to enforce this Decree if Defendants fail to perform the promises contained herein.

C. Nothing in this Decree limits Defendants' obligation to comply with Title VII or any other applicable federal law.

D. Except for any and all claims contained in the complaint or charge at issue in this action, this Decree in no way affects the EEOC's right to bring, process, investigate, or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures.

### IV. JURISDICTION AND FINDINGS

A. The Court has jurisdiction over the Parties and the subject matter of this Action. The complaint in this Action asserts claims that, if proven, would authorize the Court to grant the injunctive relief set forth in this Decree.

B. The terms and provisions of this Decree are fair, reasonable, and just.

C. This Decree conforms with the Federal Rules of Civil Procedure and Title VII.

D. This Decree does not derogate the rights or privileges of any person.

E. The Court retains jurisdiction over this Action during the duration of the Decree and may enter any order, judgment, or decree necessary to implement the relief provided herein.

### V. EFFECTIVE DATE AND DURATION

The agreements contained herein are effective immediately upon the date this Decree is entered by the Court ("Effective Date") and remain effective for two years and six months thereafter.

### VI. MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B. This Decree may be amended by mutual agreement.

C. No waiver or amendment of any provision of this Decree will be effective unless in writing and signed by an authorized representative of each affected Party.

D. If one or more of the provisions of this Decree is rendered unenforceable, the Parties will make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in effect.

### VII. COMPLIANCE AND RESOLUTION

A. If the EEOC has reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may file a motion before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendants of the nature of the dispute.

B. The Parties will cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC's notice.

1       C.     Unless the EEOC believes that delay will cause irreparable harm, Defendants will have thirty days to attempt to resolve the alleged putative breach. If those thirty days pass without resolution, the EEOC may petition this Court for all available relief, including an extension of the term of the Decree and costs incurred in securing compliance with the Decree.

## VIII.   MONETARY AND VICTIM-SPECIFIC RELIEF

      A.     Taean, Sang K. Lee, and Sang N. Lee will pay the lump sum of $40,000 to Francisca Alvarado Garcia by September 14, 2011, by delivery via certified mail to the address provided by the EEOC.

      B.     Cyma will pay a total of $200,000, to be distributed, at the sole discretion of the EEOC, amongst the Claimants to this Action who the EEOC identifies as aggrieved individuals, including Ms. Garcia ("Claimants"). Cyma will pay $100,000 of this settlement by September 14, 2011. Cyma will thereafter make five monthly payments of $20,000 on or by October 14, 2011; November 14, 2011; December 14, 2011; January 14, 2012; and February 14, 2012. The EEOC will provide Cyma with a list identifying how these payments will be distributed, including each identified Claimant's portion and amount of monetary relief, the payment from which the amount will derive, and the name and address to which each identified Claimants' portion will be delivered. Cyma will send a check, via certified mail, to each Claimant in the amount specified by the payment date identified by the EEOC.

      C.     The EEOC has designated the monies to be paid to the Claimants as non-wage compensation under Title VII and no tax withholding will be made. However, Cyma shall report the entire amount of the payments set forth herein, on IRS Form 1099 as having been paid to Claimants, and Claimants shall be solely responsible to remit to any and all federal and/or state tax authorities any taxes due on such payments. Cyma shall not be liable or responsible for payment of any taxes to any taxing authorities on behalf of Claimants relating to payments hereunder.

      D.     Within five business days of the issuance of each settlement check, Defendants will provide a copy of each check and related correspondence to Anna Y. Park, Regional

1  Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor,
2  Los Angeles, CA 90012.
3      E.     <u>Other Victim Specific Relief</u>.  Within ten days of the Effective Date, Cyma will:
4         1.    ensure there are no documents at Cyma as from April 8th 2008 in each
5  Claimant's personnel file that reference this Action in any way;
6         2.    in the event of being asked for an employment reference by a prospective
7  employer on any Claimant, limit such employment reference to verifying such Claimant's
8  employment, the last position in which the Claimant was employed, and the duration of
9  employment with Defendants;
10        3.    ensure that any Claimant who works for Cyma does not suffer any
11 retaliation for participating in the Action;
12        4.    ensure that any Claimant who applies to work for Cyma does not suffer
13 any retaliation for participating in the Action;
14        5.    classify the June 2008 terminations of those Claimants let go in June 2008
15 by Cyma as voluntary resignations; and
16        6.    ensure Claimants that are existing employees may continue to work for
17 Cyma, provided Cyma in its sole discretion determines (a) it has sufficient work for such
18 person(s), and (b) such persons meet Cyma's required work standards, experience and ability for
19 employment.
20            **IX.    GENERAL INJUNCTIVE RELIEF**
21      A.     <u>Non-Discrimination</u>
22        1.    *Discrimination Because of Sex*.  Cyma, its directors, officers, managers,
23 supervisors, successors, and assigns hereby agree not to:
24           (a)    discriminate against or harass its employees on the basis of sex;
25           (b)    engage in or be a party to any action, policy, or practice that
26                discriminates against any employee because of sex; or
27           (c)    create, facilitate, or permit a hostile work environment.
28

  2. *Retaliation*.  Cyma, its directors, officers, managers, supervisors, successors, and assigns hereby agree not to engage in, implement, or permit any action, policy, or practice that retaliates against any current or former employee or applicant because he or she has in the past, or during the term of this Decree:

  (a) opposed any practice that he or she believed to be discriminatory, harassing, or retaliatory;

  (b) filed a charge with the EEOC;

  (c) testified or participated in any manner in any investigation or proceeding related to this case or any claim of a Title VII violation;

  (d) was identified to Cyma as a possible witness or Claimant in this Action;

  (e) asserted any rights under this Decree; or

  (f) sought and/or received any relief in accordance with this Decree.

  B. <u>Language</u>

  Cyma will make all communication required by this Decree, written and verbal, with its employees in both English and Spanish.

  C. <u>Posting</u>

  Within ten business days after the Effective Date and throughout the term of this Decree, Cyma will post the notice (attached as "Exhibit A") of the terms of this Decree in a clearly visible location frequented by its employees.  The notice will remain posted for the duration of this Decree.  In the alternative, Cyma can disseminate the notice to each employee within sixty days of the Effective Date and on an annual basis for the term of the Decree.

  D. <u>Equal Employment Opportunity Coordinator</u>

  Within thirty days after the Effective Date, Kay McLaughlin will become Cyma's Equal Employment Opportunity Coordinator ("Coordinator"), but in the event of her not being able to fulfill this role thereafter, Cyma shall have the right to appoint a similarly qualified Coordinator, and shall provide written notice thereof to the EEOC within 10-business days thereof.  For the term of the Decree, the Coordinator's responsibilities will include:

1. ensuring that all employees, including managers, supervisors, and human resources employees, are trained on their rights and responsibilities under Title VII and this Decree, including the responsibility to provide a workplace free of discrimination, harassment, and retaliation;

2. ensuring that all employees, including managers, supervisors, and human resources employees, are trained on Cyma's revised policies and procedures relating to discrimination, harassment, and retaliation;

3. monitoring any investigation of any complaint of discrimination, harassment, or retaliation to ensure compliance with Title VII and this Decree;

4. ensuring that Cyma properly communicates with complainants as required by this Decree;

5. ensuring that Cyma creates a centralized system of tracking discrimination, harassment, and retaliation complaints, as required by this Decree;

6. ensuring that Cyma's performance and discipline policies hold employees and managers accountable for failing to take appropriate action regarding complaints of discrimination, harassment, or retaliation, or for engaging in conduct prohibited under Title VII or this Decree;

7. preparing an annual report on Cyma's compliance with Title VII and this Decree; and

8. ensuring that Cyma accurately compiles and timely submits all reports by required this Decree.

E. <u>Policies Concerning Discrimination, Harassment, and Retaliation</u>

1. Cyma has reviewed and revised their policies and procedures on discrimination, harassment, and retaliation ("revised policy") as described below.

2. Cyma has submitted to EEOC a copy of the revised policy.

3. The revised policy includes:

    (a) a clear explanation of prohibited conduct, including examples;

1     (b)     assurance that Cyma will hold all employees, including managers, supervisors, and human resources employees, accountable for engaging in conduct prohibited under Title VII or this Decree;

(c)     assurance that Cyma will hold all managers, supervisors, and human resources employees, accountable for failing to take appropriate action to address discrimination, harassment, or retaliation;

(d)     a revised internal complaint procedure stating that:

    (i)     an employee who believes that he or she has suffered discrimination, harassment, or retaliation may file an internal complaint, an external complaint to any appropriate person or agency, or both;

    (ii)     employees may initiate a complaint verbally or in writing to any manager or supervisor, and no special form is required;

    (iii)     Cyma will not tolerate retaliation against any employee for complaining or assisting in a complaint; and that

    (iv)     if a complaint is substantiated, Cyma will take appropriate discipline, up to and including termination;

(e)     The revised complaint procedure also ensures that Cyma will:

    (i)     maintain the confidentiality of the complaint, complainant, and investigation to the fullest extent possible;

    (iii)     promptly commence a thorough investigation that will be conducted by a person trained to conduct such investigations who is not connected with the complaint;

    (iii)     interview all relevant witnesses, including the complainant, and review all relevant documents;

          (iv)    communicate with the complainant in writing regarding the status of the complaint, investigation, results of the investigation and any remedial action taken;

          (v)    track investigations and maintain written records of all investigatory steps, findings, conclusions, and any remedial actions taken; and

          (vi)    confidentially follows-up with every complainant three and six months after resolution of the complaint to inquire whether the complainant believes that he or she has been retaliated against.

    (f)    The revised complaint procedure does NOT require that the complainant confront his or her harasser.

    4.    The Coordinator will track all complaints filed under the revised complaint procedures and retain records regarding investigation and resolution of all such complaints, and will ensure that Cyma employees are advised of the revised complaint procedures, and will monitor Cyma's handling of any complaints made.

    5.    Within thirty days of the effective date, Cyma will distribute the revised policies to all employees.  Cyma will also distribute the revised policy to all new employees hired within the duration of this decree.

    G.    <u>Training</u>

    1.    All employees, regardless of position, will be required to attend a training program of at least one hour regarding discrimination, harassment, and retaliation.  The training will be mandatory and will occur once every year for the term of this Decree.  The EEOC acknowledges that training took place in June 2011, and that therefore the next training will occur within one year of June 2011, and the third training will occur within two years of June 2011.

    2.    Every manager, supervisor, and human resources person, will be required to attend training on discrimination, harassment, and retaliation for managers ("Management

Training") of at least two hours duration once every year for the term of this Decree.  The EEOC acknowledges that Management Training took place in June 2011, that therefore the next training will occur within one year of June 2011, and the third training will occur within two years of June 2011.

       3.      All trainings under this Decree will include review of federal equal employment opportunity law; employees' rights and responsibilities under Title VII and this decree; and Cyma's revised policy and its procedures for reporting and handling complaints of harassment, discrimination, and retaliation.  All trainings may include a video, but will be include a live portion conduced by the Coordinator or any similarly qualified Coordinator.  In the live portion, the Coordinator, or any similarly qualified Coordinator, will introduce the training and conduct a question and answer session.

       4.      All Management Training will include training on how to handle and investigate complaints of discrimination, harassment, and retaliation in a fair and neutral manner in accordance with the new policy; how to take preventive and corrective measures against discrimination, harassment, and retaliation in accordance with the new policy; and how to recognize and stop discrimination, harassment, and retaliation in accordance with the new policy.

       5.      Within thirty days of the date of hire, for the remainder of the term of this Decree, every new employee, regardless of position, will receive appropriate training as described above.

       6.      Any employee required to attend any training under this Decree will verify in writing his or her attendance at each training.

       7.      Cyma has submitted to EEOC a description of the trainings to be provided and an outline of the curriculum developed for the trainees.

       8.      Cyma will give the EEOC a minimum of twenty business days advance written notice of the date, time, and location of each training provided pursuant to this Decree. An EEOC representative may attend any such training, at the sole discretion of the EEOC, provided it gives reasonable written notice thereof to Cyma.

      H.    <u>Performance Evaluations for EEO Compliance</u>

          1.    For any performance review of a Cyma manager, human resources, or supervisor, Cyma will evaluate such person's employment performance on their compliance with Cyma's discrimination, harassment, and retaliation policies and procedures.

## X.    RECORD-KEEPING

The Coordinator will establish a record-keeping procedure that provides for the centralized tracking of discrimination, harassment, and retaliation complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained will include all documents and forms that:

    A.    are generated in connection with any complaint, including documents relating to any investigation or resolution, and the names of all witnesses identified by the complainant or Cyma;

    B.    acknowledge employees' receipt of Cyma's revised anti-discrimination, anti-harassment, and anti-retaliation policy;

    C.    verify the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

    D.    are generated in connection with the monitoring, counseling, or disciplining of employees whom Cyma determined to have engaged in behavior that may be discriminatory, harassing, and/or retaliatory;

    E.    are generated in connection with Cyma's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against; and

    F.    are generated in connection with the establishment or review of performance evaluation measures for managers, supervisors, and human resources.

Cyma will make the aforementioned records available to the EEOC via U.S. Mail within ten business days following a written request by the EEOC.

## XI. REPORTING

In addition to the notice and reporting requirements above, Cyma will also provide the following reports annually throughout the term of this Decree:

1. a complete list of employee who worked for Cyma during the reporting period, including start date and job title;
2. a complete attendance lists for all required training sessions; and
3. a description of any discrimination, harassment, or retaliation complaints made, investigated, or resolved in the previous 12-months, including the names of the complainants and alleged perpetrators; the nature of the complaint; the dates of the alleged discrimination, harassment, or retaliation; a brief summary of how each complaint was resolved; and the identity of each employee who investigated or resolved each complaint.

## XII. COSTS & FEES

A. Each Party will bear its own costs of suit and attorneys' fees.

B. Cyma will bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII. MISCELLANEOUS PROVISIONS

A. Notice to Potential Successors

1. During the term of this Decree, Cyma will provide any potential successor with a copy of this Decree 5-business days prior to the execution of any final purchase agreement or final acceptance of any offer to purchase, and will simultaneously inform the EEOC in writing of the same.

2. For purposes of this Decree, the term "successor" shall be defined as a purchaser of a majority of the ownership stock (i.e., shareholding) of Cyma, or of all or substantially all of the assets of Cyma, who, or which, continues substantially the same operations of Cyma, with substantially the same employees in substantially the same location.

B. During the term of this Decree, Cyma will ensure that its directors, officers, managers, supervisors, and human resource employees are aware of the term(s) of this Decree which may be related to his/her job duties.

1       C.    All notices, reports, and correspondence required under this Decree will be delivered to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

      D.    The parties agree to entry of this Decree and Order, subject to final approval by the Court.

## XIV. COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts. A facsimile signature will have the same force and effect of an original signature or copy thereof.

All parties, through their undersigned counsel, respectfully apply for and consent to the entry of this Decree as an Order of this Court.

Dated: November 10, 2011           By:   /s/ Anny Y. Park  
                                                  Anna Y. Park  
                                                  Regional Attorney, EEOC LADO  
                                                  Attorney for Plaintiff EEOC

Dated: November 8, 2011             By:   /s/ Hubert Kuo  
                                                  Hubert Kuo  
                                                  Ardent Law Group  
                                                  Attorney for Defendants Taean, Sang K. Lee, and Sang N. Lee

Dated: November 8, 2011             By:   /s/ Neil Klein  
                                                  Neil Klein  
                                                  McKasson & Klein LLP  
                                                  Attorney for Defendant Cyma Orchids

**ORDER**

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court hereby retains jurisdiction over this Consent Decree until its termination as determined by the Court in accordance with its terms.

IT IS SO ORDERED.

Date:  December 1, 2011

_____
DOLLY M. GEE
United States District Judge

Submitted by: /s/ Carol Igoe

                Carol Igoe